**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
―――――――――――――――――――――――――――

**UNITED STATES OF AMERICA,**

                    v.                                                    **5:07-CR-462**
                                                                              **(FJS)**

**ROSS A. FULLER, III,**

                                        **Defendant.**

―――――――――――――――――――――――――――

**APPEARANCES**                              **OF COUNSEL**

**OFFICE OF THE UNITED**                     **LISA M. FLETCHER, AUSA**
**STATES ATTORNEY**
100 South Clinton Street
Syracuse, New York 13261-7198
Attorneys for the United States

**OFFICE OF THE FEDERAL**                    **LISA A. PEEBLES, AFPD**
**PUBLIC DEFENDER**
The Clinton Exchange, 3rd Floor
4 Clinton Square
Syracuse, New York 13202
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

        Defendant is charged in a one-count Indictment with failing to register as a sex offender

in violation of 18 U.S.C. § 2250(a).  Currently before the Court is Defendant's motion to dismiss

the Indictment on the following grounds: (1) SORNA did not apply to him at the time he traveled

in interstate commerce because New York State had not yet updated its registry in accordance

with SORNA, (2) to punish him for a crime that did not yet apply to him would violate the *Ex*

*Post Facto* Clause of the United States Constitution, and (3) to punish him for violating a law

with which he was unable to comply would violate the Due Process Clause of the United States Constitution.

The Court rejected Defendant's previous motion to dismiss the Indictment pursuant to a Memorandum-Decision and Order, dated March 27, 2008.  Specifically, the Court held that (1) SORNA applied to Defendant when he traveled in interstate commerce, (2) 18 U.S.C. § 2250(a) does not violate the *Ex Post Facto* Clause, (3) Congress had the authority to enact 18 U.S.C. § 2250(a) and 42 U.S.C. § 16913 pursuant to the Commerce Clause, (4) 18 U.S.C. § 2250(a) does not violate Defendant's right to procedural due process, (5) SORNA does not violate the Tenth Amendment, and (6) SORNA does not violate the non-delegation doctrine.  *See* Memorandum-Decision and Order, dated March 27, 2008, at 13.

## II. BACKGROUND

Defendant pled guilty on April 24, 2004, to second degree statutory sodomy pursuant to Missouri Revised Statutes § 566.064.  He was sentenced to seven years in prison; however, after serving 120 days, he was released on August 25, 2004, to probation supervision for a term of five years.

Pursuant to state requirements, Defendant signed a Missouri Offender Registration Notification Form on August 31, 2004, listing his address as the St. Louis Community Resource Center in St. Louis, Missouri.  The form stated that Defendant must inform the Chief Law Enforcement Official in Missouri if he planned to move to another state.  The form also required Defendant to notify that official within ten days if he changed his address within Missouri. Defendant initialed five boxes in a section of the form labeled "Acknowledgment of

Requirements," affirming that he understood these registration requirements.  In addition,

Defendant signed a Probation Supervision Agreement on August 31, 2004, with the State of

Missouri Board of Probation and Parole, which required him to verify his address every ninety

days.  Defendant submitted an address verification form pursuant to the ninety-day requirement

on November 29, 2004, February 25, 2005, August 29, 2005, November 7, 2005, January 30,

2006, and April 17, 2006.   On these dates, he listed his address in St. Louis, Missouri.

On June 5, 2006, Defendant submitted a Missouri Offender Registration Change of

Address form, notifying officials that he was changing his address within the City of St. Louis.

Defendant submitted another form on June 27, 2006, confirming this new address.  The June 27,

2006 form was the last form that Missouri officials received from Defendant.  Defendant's

probation officer asserts that Defendant last reported to her on August 28, 2006, and has made no

attempt to contact her since September 18, 2006.  A Fugitive Officer went to Defendant's

residence in Missouri on September 15, 2006, on an unrelated matter and established that

Defendant was at home in Missouri at that time.

In September 2007, law enforcement officers determined that Defendant was residing in

Utica, New York, and had not registered as a sex offender in New York State.[1]  Agents of the

United States Marshal's Service located Defendant in Oneida County, New York, and arrested

him on October 19, 2007.

---

[1] Defendant admitted that he moved to New York from Missouri in summer or fall of 2006.  *See* Defendant's Memorandum of Law at 6.

## III. DISCUSSION

**A.      SORNA's application to Defendant despite the State of New York's failure to implement SORNA**

Defendant's contention that he could not register under SORNA when he traveled in interstate commerce because the State of New York had not implemented SORNA is almost identical to Defendant's argument in his previous motion to dismiss, in which he contended that he was not afforded due process because the *State of Missouri* had not yet implemented SORNA. The Court rejected that argument, holding that

> SORNA merely requires that a sex offender inform the relevant jurisdiction "of all changes in the information required for that offender in the sex offender registry." *See* 42 U.S.C. § 16913(c). Specifically, a defendant must provide his name, social security number, address, place of employment, student information, license plate number, and vehicle description. *See* 42 U.S.C. § 16914. Notification in this manner ends the defendant's obligation. There is no indication that Defendant was prevented from performing this task. Whether the state of Missouri updates its registry in conformance with SORNA has nothing to do with Defendant's obligations.

*See* Memorandum-Decision and Order, dated March 27, 2008, at 12 n.4. Moreover, the Court held that, pursuant to the plain language of the statute, SORNA's registration requirements applied to Defendant from the moment SORNA was enacted. *See id.* at 6.

Several other district courts have similarly held that, even where the state in which the defendant was supposed to register pursuant to SORNA had not yet implemented SORNA, "compliance was not impossible . . . ." *United States v. Hester*, No. 1:07-CR-376, 2008 WL 351677, *2 (N.D.N.Y. Feb. 7, 2008); *see also United States v. Utesch*, No. 2:07-CR-105, 2008 WL 656066, *5 (E.D. Tenn. Mar. 6, 2008); *United States v. Adkins*, No. 1:07-CR-59, 2007 WL

4335457, *6 (N.D. Ind. Dec. 7, 2007).

SORNA requires a sex offender to "register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a). In order to keep his registration current, a sex offender must "appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry." 42 U.S.C. § 16913(c). Thus, an offender must (1) present himself before the appropriate state official and (2) inform that official of all of his relevant personal information. 42 U.S.C. § 16914 defines the information that must be included in SORNA's registry. Subsection (a) requires the offender to provide certain information.[2]

---

[2] 42 U.S.C. § 16914(a) provides, in pertinent part,

The sex offender shall provide the following information to the appropriate official for inclusion in the sex offender registry:

(1) The name of the sex offender (including any alias used by the individual).
(2) The Social Security number of the sex offender.
(3) The address of each residence at which the sex offender resides or will reside.
(4) The name and address of any place where the sex offender is an employee or will be an employee.
(5) The name and address of any place where the sex offender is a student or will be a student.
(6) The license plate number and a description of any vehicle owned or operated by the sex offender.
(7) Any other information required by the Attorney General.

42 U.S.C. § 16914(a).

Subsection (b) requires the jurisdiction to provide certain information.[3]  This provision reveals two things: first, SORNA imposes separate obligations for sex offenders and participating jurisdictions; and second, the information that SORNA requires a sex offender to provide is not much different than New York's current requirements and does not require New York to implement new mechanisms to be able to receive this information.[4]

_____

[3] 42 U.S.C. § 16914(b) provides, in pertinent part,

The jurisdiction in which the sex offender registers shall ensure that the following information is included in the registry for that sex offender:

(1) A physical description of the sex offender.
(2) The text of the provision of law defining the criminal offense for which the sex offender is registered.
(3) The criminal history of the sex offender, including the date of all arrests and convictions; the status of parole, probation, or supervised release; registration status; and the existence of any outstanding arrest warrants for the sex offender.
(4) A current photograph of the sex offender.
(5) A set of fingerprints and palm prints of the sex offender.
(6) A DNA sample of the sex offender.
(7) A photocopy of a valid driver's license or identification card issued to the sex offender by a jurisdiction.
(8) Any other information required by the Attorney General.

42 U.S.C. § 16914(b).

[4] New York Correction Law § 168 requires a sex offender to periodically mail a form to law enforcement officials verifying his place of residence or employment and appear at the law enforcement agency for a photograph.  *See* N.Y. Correction Law § 168-f.  Moreover, the law enforcement agency maintains a database containing the offender's physical characteristics and other personal information.  *See* N.Y. Correction Law § 168-b.  Therefore, the State of New York is already equipped to receive and store information from registered sex offenders.

-6-

New York's failure to update its registry and procedures to conform with SORNA has no bearing on Defendant's independent obligation to register certain information.  Under the existing state mechanisms, Defendant could have appeared at the relevant law enforcement agency and submitted the required information.  Such an act would have fulfilled his duties under SORNA and he would not have been subject to criminal action.  Defendant has not presented any evidence that he was impeded from performing this task.  Accordingly, the Court finds that SORNA applied to Defendant when he traveled in interstate commerce even though New York State had not implemented SORNA.

**B.**   ***Ex Post Facto* Clause**

The *Ex Post Facto* Clause "forbids the Congress and the States to enact any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'"  *Weaver v. Graham*, 450 U.S. 24, 28 (1981) (quotation, other citations and footnote omitted).  Thus, a law is *ex post facto* if it (1) has retroactive effect and (2) is more onerous than the law in effect on the date of the offense.  *See id.* at 29 (citation and footnotes omitted); *Collins v. Youngblood*, 497 U.S. 37, 42 (1990) (quotation omitted).  Since SORNA applied to Plaintiff when he traveled to New York State, it does not have retroactive effect and, therefore, does not violate the *Ex Post Facto* Clause.

**C.    Due Process Clause**

Defendant contends that "[c]riminalizing the failure to do something that is impossible to do violates the Due Process Clause's guarantee of fundamental fairness."  *See* Defendant's

Memorandum of Law at 8-9 (citing *United States v. Dalton*, 960 F.2d 121, 124 (10th Cir. 1992)). However, as stated, New York State's failure to implement SORNA did not impede Defendant from providing state officials with the required information.  Accordingly, the Court finds no due process violation.

## IV. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant's motion to dismiss the Indictment is **DENIED**; and the Court further

**ORDERS** that the parties are to file their pretrial submissions on or before **July 15, 2008**; and the Court further

**ORDERS** that the final pretrial conference is scheduled for **July 22, 2008**, at **2:30pm**; and the Court further

**ORDERS** that the trial of this matter will commence on **July 28, 2008**, at **9:30 a.m.**

**IT IS SO ORDERED.**

Dated: June 13, 2008
         Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge

-8-