**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                    **v.**                                               **5:07-CR-462**
                                                                           **(FJS)**

**ROSS A. FULLER, III,**

                                        **Defendant.**
_____

**APPEARANCES**                                   **OF COUNSEL**

**OFFICE OF THE UNITED**                          **LISA M. FLETCHER, AUSA**
**STATES ATTORNEY**
James Hanley Federal Building
& United States Courthouse
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261-7198
Attorneys for the United States

**OFFICE OF THE FEDERAL**                         **LISA A. PEEBLES, AFPD**
**PUBLIC DEFENDER**
The Clinton Exchange, Third Floor
4 Clinton Square
Syracuse, New York 13202
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Currently before the Court is Defendant's motion to dismiss the Second Superseding

Indictment.  Defendant is charged in a two-count Second Superseding Indictment with failing to

register as a sex offender.  Count One of the Second Superseding Indictment charges that

> [f]rom in or about September, 2006, through in or about
> October, 2007, in the Northern District of New York, and

elsewhere,

## ROSS FULLER, III

the defendant herein, an individual required to register under the Sex Offender Registration and Notification Act, did travel in interstate commerce and did knowingly fail to update his registration with the State of Missouri, as required by law.  In violation of Title 18, United States Code, Section 2250(a).

Count Two charges that

[f]rom in or about September 2006, through in or about October, 2007, in the Northern District of New York, and elsewhere,

## ROSS FULLER, III

the defendant herein, an individual required to register under the Sex Offender Registration and Notification Act, did travel in interstate commerce and did knowingly fail to register with the State of New York, as required by law.  In violation of Title 18, United States Code, Section 2250(a).

*See* Second Superseding Indictment.[1]

## II. BACKGROUND

Defendant pled guilty on April 24, 2004, to second-degree statutory sodomy pursuant to Missouri Revised Statutes § 566.064.  He was sentenced to seven years in prison; however, after serving 120 days, he was released on August 25, 2004, to probation supervision for a term of five years.

---

[1] The Court notes that the Second Superseding Indictment, filed on July 16, 2008, does not alter the First Superseding Indictment in any substantive way.  Rather, it splits Defendant's alleged failure to register under the Sex Offender Registration and Notification Act ("SORNA") into two counts – one pertaining to his alleged failure to update his registration in Missouri and the other pertaining to his alleged failure to register in New York.

Pursuant to state regulation, Defendant signed a Missouri Offender Registration Notification Form on August 31, 2004, listing his address as the St. Louis Community Resource Center in St. Louis, Missouri.  The form stated that Defendant must inform the Chief Law Enforcement Official in Missouri if he planned to move to another state.  The form also required Defendant to notify that official within ten days if he changed his address within Missouri. Defendant initialed five boxes in a section of the form labeled "Acknowledgment of Requirements," affirming that he understood these registration requirements.  In addition, Defendant signed a Probation Supervision Agreement on August 31, 2004, with the State of Missouri Board of Probation and Parole, which required him to verify his address every ninety days.  Defendant submitted an address verification form pursuant to the ninety-day requirement on November 29, 2004, February 25, 2005, August 29, 2005, November 7, 2005, January 30, 2006, and April 17, 2006.  On these dates, he listed his address in St. Louis, Missouri.

On June 5, 2006, Defendant submitted a Missouri Offender Registration Change of Address form, notifying officials that he was changing his address within the City of St. Louis. Defendant submitted another form on June 27, 2006, confirming this new address.  The June 27, 2006 form was the last form that Missouri officials received from Defendant.  Defendant's probation officer asserts that Defendant last reported to her on August 28, 2006, and has made no attempt to contact her since September 18, 2006.  A Fugitive Officer went to Defendant's residence in Missouri on September 15, 2006, on an unrelated matter and established that Defendant was at home in Missouri at that time.

In September 2007, law enforcement officers determined that Defendant was residing in

Utica, New York, and had not registered as a sex offender in New York State.[2]  Agents of the

United States Marshal's Service located Defendant in Oneida County, New York, and arrested

him on October 19, 2007.

The Court rejected Defendant's two motions to dismiss the Indictment.  Pursuant to the

first motion to dismiss, the Court held that (1) SORNA applied to Defendant when he traveled in

interstate commerce; (2) 18 U.S.C. § 2250(a) does not violate the *Ex Post Facto* Clause; (3)

Congress had the power to enact 18 U.S.C. § 2250(a) and 42 U.S.C. § 16913 pursuant to the

Commerce Clause; (4) 18 U.S.C. § 2250(a) does not violate Defendant's right to procedural due

process; (5) SORNA does not violate the Tenth Amendment; and (6) SORNA does not violate

the non-delegation doctrine.  *See* Memorandum-Decision and Order, dated March 27, 2008, at

13.

Pursuant to Defendant's second motion to dismiss, the Court held that (1) SORNA

applied to him at the time he traveled in interstate commerce despite the fact that New York State

had not yet updated its registry in accordance with SORNA; (2) applying SORNA to Defendant

would not violate the *Ex Post Facto* Clause of the United States Constitution; and (3) applying

SORNA to Defendant would not violate the Due Process Clause of the United States

Constitution.  *See* Memorandum-Decision and Order, dated June 13, 2008, at 8.

### III. DISCUSSION

Defendant contends that the Court should dismiss the Second Superseding Indictment on

---

[2] Defendant admitted that he moved to New York from Missouri in summer or fall of 2006.  *See* Defendant's Memorandum of Law at 6.

-4-

multiplicity grounds.  Defendant argues that, under SORNA, a sex offender must register in at least one jurisdiction; he need not register in multiple jurisdictions.  *See* Defendant's Memorandum of Law at 4.  Defendant asserts that, because "[i]t is legally impossible for [him] to be convicted of both Counts in the Second Superseding Indictment," the Court should dismiss the Second Superseding Indictment or require the Government to elect whether it will proceed under Count One or Count Two.  *See id.*

To the contrary, the Government contends that the Court should not dismiss the Second Superseding Indictment because,

> [e]ven based upon a simple reading of the Second Superseding Indictment, it is evident that[,] although each count alleges a violation of the same statute (accordingly the same legal elements), proof of each count involves different facts, and different knowledge requirements: whether [Defendant] knowingly failed to update his registration in Missouri on the one hand, and whether he knowingly failed to register in New York on the other.

*See* Government's Memorandum of Law at 2.

Therefore, the Government concludes that "[a] jury could certainly find that [Defendant] knowingly failed to update his Missouri registration while simultaneously finding that he did not knowingly fail to register in New York, or *visa* [sic] *versa*."[3]  *See id.*

"An indictment is 'multiplicitous' when it charges one offense in several counts."  *United States v. Jones*, 648 F. Supp. 241, 242 (S.D.N.Y. 1986) (citing *United States v. Lartey*, 716 F.2d 955, 967 (2d Cir. 1983)).  Whether the Government may prosecute a defendant on multiplicitous

---

[3] Although it is true that a jury could find, as a factual matter, that Defendant failed to register in New York or Missouri or both, the Government does not address the central issue: whether, as a matter of law, Defendant could be convicted of both failing to register in New York and Missouri under 18 U.S.C. § 2250 without violating the Double Jeopardy Clause of the United States Constitution.

counts depends on whether each count represents a separate "unit of prosecution."  *See United States v. Ansaldi*, 372 F.3d 118, 124 (2d Cir. 2004) (citation omitted).  Determining the "units of prosecution" contained in a criminal statute is a matter of statutory interpretation.  *See United States. v. Rigas*, 281 F. Supp. 2d 660, 666 (S.D.N.Y. 2003).

In this case, the Second Superseding Indictment charges Defendant with two counts of failing to update his registration in violation of 18 U.S.C. § 2250.  However, the separate counts do not pertain to multiple instances of interstate travel.  Rather, they pertain to Defendant's alleged failure to update his registration in separate states – New York and Missouri.

SORNA's criminal provision, codified at 18 U.S.C. § 2250, provides, in pertinent part, that

> (a) In general. – Whoever –
>    (1) is required to register under the Sex Offender Registration and Notification Act;
>    (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law . . .; or
>    (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
>    (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
> shall be fined under this title or imprisoned not more than 10 years or both.

18 U.S.C. § 2250.

SORNA's registration requirement, codified at 42 U.S.C. § 16913, provides that

> [a] sex offender shall, not later than 3 business days after each change of name, residence, employment or student status, appear in person in *at least 1 jurisdiction* involved pursuant to subsection (1) of this section and inform that jurisdiction of all changes in the

information required for that offender in the sex offender registry.
That jurisdiction shall immediately provide that information to all
other jurisdictions in which the offender is required to register.

42 U.S.C. § 16913(c) (emphasis added).

SORNA's criminal provision prohibits a sex offender from (1) traveling in interstate commerce and (2) knowingly failing to update a registration as required under SORNA. *See* 18 U.S.C. § 2250. Updating a registration entails appearing in person in "at least 1 jurisdiction" in which the offender resides, is employed, or is a student. *See* 42 U.S.C. § 16913(c). This statutory language makes clear that Defendant, after traveling from Missouri to New York, had to update his registration with either Missouri *or* New York but not both. *Cf. Willette v. Fischer*, 508 F.3d 117, 122-23 (2d Cir. 2007) (holding that, where defendant was charged in multiple counts with failing to update his registration under New York's sex offender statute for each day of noncompliance with the registration requirement, all counts except for one must be vacated because the statute's only relevant "unit of prosecution" was the requirement that a sex offender register with local law enforcement within ten days after a change of address). Accordingly, the Court finds that the counts of the Second Superseding Indictment are multiplicitous and do not constitute separate units of prosecution.

## IV. CONCLUSION

After reviewing the entire file in this matter, the parties' submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that, because Count I and Count II in the Second Superseding Indictment are multiplicitous, the Government shall elect whether it will proceed with this prosecution under

Count I or Count II; and the Court further

      **ORDERS** that, within **fifteen days** of the date of this Order, the Government shall notify

the Court and opposing counsel in writing whether it has elected to proceed with this prosecution

under Count I or Count II.

**IT IS SO ORDERED.**

Dated: September 11, 2008
          Syracuse, New York

                              _____
                              Frederick J. Scullin, Jr.
                              Senior United States District Court Judge